

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 NOV 19 PM 3:56

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| Paul E. Budlow<br>Assistant United States Attorney<br>Paul.E.Budlow@usdoj.gov | Suite 400<br>36 S. Charles Street<br>Baltimore, MD 21201-3119 | DIRECT: 410-209-4917<br>MAIN: 410-209-4800<br>FAX: 410-962-3091 |

November 4, 2014

Gary Christopher, Esq.
Office of the Federal Public Defender
100 South Charles Street
Tower II, Suite 1100
Baltimore, Maryland 21201

    Re:    United States v. Darrius Carr
           Criminal #: ELH-14-0296

Dear Mr. Christopher:

    This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by Friday, November 7, 2014, at 5:00 p.m., it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

    1.    The Defendant agrees to plead guilty to Count One of the Indictment now pending against him, which charge him with Production of Child Pornography in violation of 18 U.S.C. § 2251(a). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

    2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

        a.    The Defendant knowingly employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct;

        b.    For the purpose of producing a visual depiction of such conduct; and

c. The Defendant had reason to know that the visual depiction would be transported in interstate commerce, said visual depiction was transported in interstate or foreign commerce, or the materials used to produce the visual depiction were transported in interstate commerce.

## Penalties

3. a. The maximum sentence provided by statute for production of child pornography is as follows: not less than fifteen (15) years and not more than thirty (30) years imprisonment, $250,000 fine, and supervised release for life.

b. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

c. The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. If the Defendant had persisted in a plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

        c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

3

## Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

Count 1: Production of Child Pornography – March 7, 2014:

    a. Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is **32**.

    b. Pursuant to U.S.S.G. § 2G2.1(b)(1), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. **(Subtotal: 36).**

    c. Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact. **(Subtotal: 38).**

    d. Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the custody, care, or supervisory control of the defendant. **(Subtotal: 40).**

    e. Thus, the adjusted offense level for Count One is **40**.

Relevant Conduct: Production of Child Pornography – March 11, 2014:

    f. Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is **32**.

    g. Pursuant to U.S.S.G. § 2G2.1(b)(1), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense. **(Subtotal: 36).**

    h. Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact. **(Subtotal: 38).**

    i. Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the custody, care, or supervisory control of the defendant. **(Subtotal: 40).**

    j. Thus, the adjusted offense level for the relevant conduct of production of child pornography on March 11, 2014 is **40**.

Relevant Conduct: Distribution of Child Pornography:

    k. Pursuant to § 2G2.2(a)(2), the base offense level for distribution of child pornography is a level **22**.

  l. Pursuant to § 2G2.2(b)(2), there is a two (2) level increase because the material involved prepubescent minors. **(Subtotal: 24)**

  m. Under § 2G2.2(b)(3)(F), there is a two (2) level increase because the defendant distributed child pornography. **(Subtotal: 26)**

  n. Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer. **(Subtotal: 28)**.

  o. Pursuant to § 2G2.2(b)(7)(D), there is a five (5) level increase because the offense involved more than 600 images. **(Subtotal: 33).**

Grouping:

  p. Pursuant to U.S.S.G. §§ 1B1.2 and 3D1.4, Count One and the relevant conduct of production of child pornography and distribution of child pornography do not group.

  q. Because there are two groups with an equally serious offense level (40), and one group that is 5 to 8 levels less serious, there are 2 ½ units, and the offense level is increased by three (3) levels.

  r. Thus, the combined adjusted offense level is **43**.

Acceptance of Responsibility:

7. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Thus, the final anticipated offense level is **40**.

Chapter Four Enhancement:

8. Pursuant to U.S.S.G. § 4B1.5(b) and Application Note 4(B), there is a five (5) level increase because the instant offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct. **(Subtotal 45).**

9. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a

career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

10.  This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4, or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

### Rule 11(c)(1)(C) Plea

11.  The parties stipulate and agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following sentence is the appropriate disposition of this case: a sentence of three hundred months (300) months of incarceration. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).

### Obligations of the United States Attorney's Office

12.  At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

13.  The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Restitution

14.  For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw

Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Collection of Financial Obligations

15. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

16. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

17. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

## Forfeiture

18. The Defendant agrees to forfeit all right, title and interest in the property listed below. He further agrees to take whatever steps are necessary to pass clear title to the property to the United States or any State authority. Those items include:

    a. LG LS840 Viper mobile phone, S/N: 204KPHG0096041, and
    b. 8GB SanDisk Micro SD card, #1082405955DXL.

## Waiver of Appeal

19. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence in imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, and term or condition of supervised release).

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from

appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

        d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

        e.      The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the indictment or to the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement.

### Obstruction or Other Violations of Law

20.      The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) files a motion to withdraw his guilty plea, or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

21.      The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

22.      This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those

set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Paul E. Budlow
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

11/12/13
Date

_____
Darrius Carr

I am Darrius Carr's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

11/12/13
Date

_____
Gary Christopher, Esq.

9