IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRIUS CARR | * | |
| Petitioner | * | |
| v | * | Criminal Case: ELH-14-296 (Related Civil Action: ELH-21-3009) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

## MEMORANDUM

Darrius Carr, Petitioner, filed a motion to vacate on November 22, 2021. ECF 52. As grounds for relief, he asserts that he "is not under F.B.I. jurisdiction," and lists freedom of religion. "constitutional law" and "freedom of conscius [sic]," and quotes biblical passages without explaining their relevance to his motion. *Id.* at 4, 5, 6.

This is petitioner's second motion to vacate his criminal judgment and sentence. Petitioner filed his first motion to vacate on February 16, 2016, raising claims of ineffective assistance of trial counsel, that his sentence was excessive, and that mitigating circumstances were not considered at sentencing. *See United States v. Carr*, ELH-16-460 (D. Md. 2016)); related criminal action ELH-14-296, ECF 41. The first Motion to Vacate was denied by Memorandum and Order of September 30, 2016. *Id.*, ECF 48; at ECF 49.

In 28 U.S.C. § 2255(h), it states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

.

Petitioner provides no evidence that he has obtained the proper prefiling authorization from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§ 2255(h); 2244(b)(3). Without the proper certification, this court may not consider the merits of the claims, to the extent they are cognizable as presented, because this is a successive motion to vacate.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain authorization to file a successive motion. The procedural requirements and deadlines for filing the motion are extensive. The Clerk will be directed to include with this Order a packet of instructions provided by the Fourth Circuit, which petitioner must follow if he wants authorization to file a successive petition.

In addition to the above analysis, a certificate of appealability must be considered. Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015).

Because petitioner has not made a substantial showing of the denial of his constitutional rights, the court will not issue a COA. But, the denial of a COA does not preclude a petitioner from seeking permission from the appellate court to file a successive petition or from pursuing his claims upon receiving such permission.

For reasons set forth above, the court is without jurisdiction to review the motion to vacate, because it is a successive petition under 28 U.S.C. § 2255. The motion to vacate will be dismissed, without prejudice. A certificate of appealability will not issue.

A separate Order follows

<u>December 1, 2021</u>         <u>     /s/               </u>
Date                                                                                Ellen L. Hollander
                                                                                 United States District Judge